IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DAVIS MEMORIAL GOODWILL INDUSTRIES,
Plaintiff,

v.  Civil Action No. 1:17cv347

ALAA GARADA, a/k/a ALAN GARADA,
Defendant.

## ORDER

In this diversity action, a final default judgment was entered against defendant on June 14, 2017. (Doc. 48.) Defendant appeared for the first time on January 26, 2018 – ten months after he was purportedly served with process and seven months after final judgment was entered. On January 26th, defendant filed a motion to vacate the default judgment and permanent injunction (Doc. 48), asserting that the proof of service (Doc. 10) filed on March 31, 2017, is erroneous because he was never served with process in this case. Relying on Rule 60(b)(4), Fed. R. Civ. P., defendant asserts that the June 14th judgment is void because this Court lacked personal jurisdiction over him. Defendant's motion to vacate was referred to United States Magistrate Judge John Anderson, who entered a Report and Recommendation ("Report") (Doc. 60) on February 27, 2018. For the reasons that follow, Judge Anderson Report will be adopted as the opinion of this Court.

In his Report, Judge Anderson carefully and correctly summarizes the factual background and procedural history of this case. Distilled to its essence, this case is a

simple contractual dispute where plaintiff claims defendant breached the parties' Salvage Agreement. More specifically, plaintiff asserts that defendant (i) failed to pay plaintiff the monthly fees due under the Salvage Agreement, (ii) failed to remove trailers containing salvaged goods from Goodwill retail stores as provided by the Salvage Agreement, (iii) failed to obtain approval in writing from the owners or landlords of properties before placing donation bins on said properties, (iv) failed to obtain plaintiff's permission to place donation bins, and (v) failed to remove donation bins from sites upon Goodwill's request. Because defendant failed to appear or otherwise defend against plaintiff's claims, final default judgment was entered in favor of plaintiff against defendant in the amount of $349,976.73. (Doc. 24.) A permanent injunction was also entered authorizing plaintiff (i) to remove any unauthorized Goodwill-branded donation bins that defendant had placed in violation of the parties' Salvage Agreement, (ii) to remove Goodwill branding from those bins, and (iii) to make the bins available for defendant to retrieve. *Id.* Defendant now seeks to vacate the final default judgment and the permanent injunction, asserting that he was never served with process.

Judge Anderson held a hearing in this matter and heard the testimony of defendant, defendant's wife, and the process server. Judge Anderson found the testimony of the defendant and his wife to be incredible, and the testimony of the process server to be credible. Judge Anderson also correctly found that defendant had actual notice of these proceedings because of the various case-related mailings defendant received from plaintiff and from the Court at his personal residence. The Court sees no reason not to adopt Judge Anderson's findings that defendant was actually served with process on March 28, 2017,

2

and that even if he was not served with formal process, defendant had actual notice of the claims against him and still failed to appear. Based on these findings, it is clear that the Court's June 14th final default judgment is not void for lack of personal jurisdiction, and therefore defendant's Rule 60(b)(4) motions must be denied.

Thus, following consideration of the record and Judge Anderson's thorough Report, to which no objections have been filed,[1]

The Court **ADOPTS**, as its own, the findings of fact and recommendations of the United States Magistrate Judge, as set forth in the Report (Doc. 60).

Accordingly,

It is hereby **ORDERED** that defendant's motion to vacate (Doc. 48) is **DENIED**.

The Clerk is directed to provide a copy of this Order to the defendant at his last known address and to all counsel of record.

Alexandria, Virginia
March 28, 2018

T. S. Ellis, III
United States District Judge

---

[1] Plaintiff filed no objections to Judge Anderson's Report despite being represented by counsel. Accordingly, Judge Anderson's Report was reviewed for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a magistrate's report, the court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'").